# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

           Plaintiff,      :      Case No. 2:09-cr-166

                                          Chief Judge Edmund A. Sargus, Jr.
- vs -                               Magistrate Judge Michael R. Merz

TVARIS D. KING,

           Defendant.      :

## REPORT AND RECOMMENDATIONS

With the assistance of appointed counsel, Defendant Tvaris King filed this proceeding under 28 U.S.C. § 2255 to obtain relief from his designation as a career offender and consequent sentence to 130 months imprisonment on charges of possession with intent to distribute five grams or more of cocaine base and possession of a firearm during and in relation to a drug trafficking offense.

Mr. King pleads one ground for relief in his original Motion:

> This is a claim raised pursuant to *Johnson vs. U.S.*, __ U.S. __, 135 S. Ct. 2552 (2015) in which the United States Supreme Court held unconstitutional the so called "residual clause" of the Armed Career Criminal Act. This claim is also raised on the rationale of *United States vs. Pawlak*, __ F.3d __, 2016 WL 2802723 (6th Cir. 2016) in which the Court held that the United States Sentencing Guidelines "residual clause" provision for career offenders (found in U.S.S.G. sec. 4B1.1 et. seq.) is unconstitutionally vague based

1

> on the rationale in *Johnson*. At Tvaris King's sentencing, the District Court determined Petitioner was a career offender pursuant to U.S.S.G. sec. 4B1.1 (See paragraph 61, P.S.I. p.10). This finding was based upon a State conviction for "attempted felonious assault." (Case No. 00CR-10-5875, Franklin County, Ohio).
>
> Using this offense, i.e. "attempted felonious assault," to designate Petitioner a career offender violated the tenets of *Johnson* and *Pawlak* as it is an offense that does not specifically articulate a force or attempted force element and falls within the residual clause." The District Court's finding that Petitioner was a career offender was clearly erroneous in light of *Pawlak* and *Johnson* and violated his 5th and 14th Amendment right to due process under the United States Constitution.

(Motion, ECF No. 50, PageID 105).

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. Although the United States argued in its Response, filed July 20, 2016, that *Johnson* did not announce a new substantive rule that has retroactive effect in cases on collateral review, the Supreme Court had already done so three months earlier. *Welch v. United States,* 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016). The Response acknowledged that the Sixth Circuit had held the residual clause of the career offender Sentencing Guideline to unconstitutional on the same basis as *Johnson. United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016). Finally, the Response noted that the case of *Beckles v. United States* was pending on certiorari before the Supreme Court with several relevant questions having been certified (Response, ECF No. 52, PageID 118).

The Supreme Court has now decided *Beckles v. United States*, 2017 U.S. LEXIS 1572 (March 6, 2017), holding "[T]he [Sentencing] Guidelines are not subject to a vagueness

challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11. Based on *Beckles*, Mr. King's Ground for Relief pleaded by counsel should be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255.

In addition to the claim filed by counsel, Mr. King filed *pro se* a Supplemental Motion on January 6, 2017 (ECF No. 58). He asserts that, in addition to the claim made by counsel, he did not qualify as a career offender at the time he was sentenced because his 2003 conviction for trafficking in cocaine in the Franklin County Common Pleas Court is not a valid qualifying predicate offense under the Guidelines.

There are three procedural reasons why the Supplemental Motion should not be considered. First of all, King is represented by counsel in this case and there is no federal right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Mr. Edwards has not endorsed the Supplement.

Second, the Supplement was filed without permission of the Court or consent of the United States. The Federal Rules of Civil Procedure apply to § 2255 motions. See Rule 12 of the Rules Governing § 2255 Proceedings. Under Fed. R. Civ. P. 15, an initial pleading, such as a § 2255 motion, may be amended without court permission only if the opponent consents or the amendment is filed before an answer or other responsive pleading. Here the United States filed its answer on July 20, 2016, and the Supplemental Motion was not filed until six months later.

Third, the Supplemental Motion is untimely. In it Mr. King claims his cocaine conviction does not count as a predicate offense because it does not qualify under the "modified categorical approach" for deciding if prior convictions count, which the Supreme Court has said District Courts must use in deciding this question. The Supreme Court reinforced that mandate

3

in *Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (June 23, 2016). Although he does not say so, Mr. King apparently believes his Supplemental Motion is timely because it was filed within a year after *Mathis* was handed down. But, unlike *Johnson*, *Mathis* did not create a new substantive right which is applicable to cases pending on collateral review under *Teague v. Lane*, 489 U.S. 288 (1989). Instead, *Mathis* clarified the modified categorical approach by distinguishing between "elements" of a crime and means of committing those elements.

> Distinguishing between elements and facts is therefore central to ACCA's operation. "Elements" are the "constituent parts" of a crime's legal definition – the things the "prosecution must prove to sustain a conviction." At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, see *Richardson v. United States*, 526 U.S. 813, 817 (1999); and at a plea hearing, they are what a defendant necessarily admits when he pleads guilty, see *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Facts, by contrast, are mere real-world things – extraneous to the crime's legal requirements.

*Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (June 23, 2016), quoting Black's Law Dictionary 634 (10th ed. 2014).

Mr. King was convicted in this Court on September 16, 2010 (ECF No. 46).[1] He took no appeal and therefore the statute of limitations began to run when his time for appeal expired fourteen days later on September 30, 2010, and expired one year later on September 30, 2011. Because *Johnson* adopted a new substantive rule, it reopened the statute of limitations but only for claims made under *Johnson*. *Mathis* did not reopen the statute of limitations on § 2255 motions and the Supplemental Motion is therefore time-barred.

---

[1] Because Mr. King took no appeal, the plea colloquy has not been transcribed. The Plea Agreement (ECF No. 2) does not address the possible career offender designation under the Guidelines.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Mr. King's § 2255 Motion, including the Supplemental Motion, be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 14, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).